UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO AGUILAR GARCIA, AKA Ricardo Aguilargarcia, | Nos. 19-71917 23-1536 |
| Petitioner, | Agency No. A204-909-937 |
| v. | ORDER |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

Before: FORREST and SANCHEZ, Circuit Judges, and EZRA, District Judge.[*]

Petitioner's petition for panel rehearing (Dkt. Nos. 64, 94) is granted in part.

The memorandum disposition filed on February 28, 2025 (Dkt Nos. 63, 93) is

amended by the Amended Memorandum Disposition filed concurrently with this

order. The petition for panel rehearing is otherwise denied. No further petitions

for rehearing or rehearing en banc will be allowed.

---

[*]    The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



RICARDO AGUILAR GARCIA, AKA
Ricardo Aguilargarcia,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

Nos.   19-71917
          23-1536

Agency No.
A204-909-937

AMENDED MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 6, 2025
San Francisco, California

Before: FORREST and SANCHEZ, Circuit Judges, and EZRA, District Judge.**

Petitioner Ricardo Aguilar Garcia ("Petitioner") appeals the Board of

Immigration Appeals' ("BIA") decision denying his motion to suppress and

motion to reopen proceedings.  "We review de novo the denial of a motion to

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

suppress." *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011) (citation omitted). We also review constitutional and legal claims de novo. *Zuniga v. Garland*, 86 F.4th 1236, 1239 (9th Cir. 2023); *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022). We review findings of fact under the substantial evidence standard. *Zuniga*, 86 F.4th at 1239. We review the denial of a motion to reopen for abuse of discretion. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *B.R.*, 26 F.4th at 835 (citation omitted). Where the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and also provides its own review of the evidence and the law, we review both the immigration judge's and the BIA's decision. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.    Petitioner, a former Deferred Entry for Childhood Arrivals ("DACA") recipient, was ordered removed after the Government submitted his DACA documents as independent evidence of alienage in removal proceedings. Petitioner argues that the use of his DACA materials[1] violated 1) Department of Homeland

---

[1] Because DACA recipients are required to apply for employment authorization, Petitioner's work authorization request form is part of his DACA materials. *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1062 (9th Cir. 2014) ("In fact, DACA recipients are *required* to apply for employment authorization, in keeping with the

Security's ("DHS") information-sharing policy, 2) the injunction in *CASA de Maryland v. DHS*, 284 F. Supp. 3d 758 (D. Md. 2018), and 3) the *Accardi* doctrine.

In implementing the DACA policy, the United States Citizenship and Immigration Services ("USCIS") has published "Frequently Asked Questions" on its website. FAQ 19 states that "information provided in this request is protected from disclosure . . . for the purposes of immigration enforcement proceedings unless the requestor meets the criteria for the issuance of a Notice to Appear or a referral to ICE under the criteria set forth in USCIS's Notice to Appear guidance."

At the time DACA was announced in 2012, the *Revised Guidance for the Referral of Cases and Issuance of Notices to Appear (NTAs) in Cases Involving Inadmissible and Removable Aliens* ("2011 NTA PM") governed. The 2011 NTA PM lists criminal offenses under the categories "Egregious Public Safety Cases" and "Non-Egregious Public Safety Criminal Cases" that warrant referral to ICE and may trigger issuance of an NTA. Under the record presented, Petitioner was arrested and charged with driving under the influence ("DUI") and possession of a concealed firearm. Neither of these offenses is "egregious" under the 2011 NTA

---

Executive's intention that DACA recipients remain 'productive' members of society."). Therefore, the BIA's determination that Petitioner's work authorization application was not derived from DACA is incorrect.

PM.[2]

For "non-egregious" offenses, USCIS refers the case to ICE only "[i]f it appears that an alien is inadmissible or removable for a criminal offense not included on the [egregious public safety] list." Whether this requirement is met depends on the Immigration and Nationality Act's ("INA") criteria for inadmissibility and removability based on criminal offenses. The 2011 NTA PM has no provision for issuance of an NTA or ICE referral where a noncitizen is inadmissible or removable for non-criminal reasons.

The INA renders a noncitizen inadmissible for crimes involving moral turpitude and drug offenses. *See* 8 U.S.C. § 1182(a)(2)(A)(i). Under this criteria, Petitioner's DUI and firearms charges do not trigger inadmissibility. *See Ceron v. Holder*, 747 F.3d 773, 779–81 (9th Cir. 2014); *Marmolejo-Campos v. Holder*, 558 F.3d 903, 913 (9th Cir. 2009) (en banc). Nor does 8 U.S.C. § 1227(a)(2)(C) apply, as there is no evidence in the record that Petitioner was *convicted* of a firearms offense when the NTA issued. Thus, under the 2011 NTA PM, the Government could not use Petitioner's DACA materials in a removal proceeding. But that does not end our inquiry.

In 2018, the Government issued an *Updated Guidance for the Referral of*

---

[2] The Government also contends that Petitioner was arrested for domestic violence, but Petitioner disputes this claim and the record does not reliably demonstrate that he was.

*Cases and Issuances of Notices to Appear (NTAs) in Cases Involving Inadmissible and Deportable Aliens* ("2018 General NTA PM").[3]  FAQ 19 does not specify which version of the Guidance to follow.  However, the 2018 General NTA PM expressly superseded the 2011 NTA PM.  Under the 2018 General NTA PM, the criteria for issuance of an NTA or a referral to ICE based upon a non-egregious offense was expanded.  Under the revised policy, a referral to ICE or issuance of an NTA may be made if a noncitizen is removable for any reason and "under investigation for, has been arrested for (without disposition), or has been convicted of *any crime* not listed [as an egregious public safety crime]."  (emphasis added).

Petitioner met the criteria for issuance of an NTA or referral to ICE based on his arrests and criminal charges filed for "any crime," here his DUI and firearms offenses.  Therefore, the Government was permitted to use Petitioner's DACA materials in a removal proceeding under the 2018 General NTA PM.

---

[3]  The Government issued a second guidance document that is not relevant in this case.  That document, *Guidance for the Referral of Cases and Issuances of Notices to Appear (NTAs) when Processing a Case Involving Information Submitted by a Deferred Action for Childhood Arrivals (DACA) Requestor in Connection with a DACA Request or a DACA-Related Benefit Request (Past or Pending) or Pursuing Termination of DACA*, carves out two exceptions from the 2018 General NTA PM: "when (1) processing an initial or renewal DACA request or DACA-related benefit request or (2) processing a DACA recipient for possible termination of DACA, USCIS will continue to follow" the 2012 policy.  But neither of these limited situations is at issue here.

Petitioner's reliance on the *CASA de Maryland* injunction is misplaced. That injunction required the Government to follow FAQ 19, which permits the use of DACA information in enforcement proceedings if certain criteria are met. *CASA de Maryland v. DHS*, No. 17-2942, 2018 WL 8332822, at *1 (D. Md. Mar. 15, 2018). As discussed, the 2018 General NTA PM permitted the Government's use of DACA information here. In any event, the applicability of the district court's injunction in *CASA de Maryland* is an open question because the Fourth Circuit vacated the injunction approximately two months before the BIA issued its decision. *CASA de Maryland v. DHS*, 924 F.3d 684 (4th Cir. 2019). To the extent the injunction was enforceable at the time of the BIA's decision, the Government did not violate its terms.[4]

2. Because the DACA documents were admissible and established independent evidence of Petitioner's alienage and removability, we need not reach Petitioner's claim that the BIA erred in failing to exclude Form I-213.

3. Petitioner does not contest that his motion to reopen was untimely, and he fails to establish any abuse of discretion in finding that equitable tolling was unwarranted given that the evidence he obtained was merely cumulative and

---

[4] Because we hold that the Government did not violate the *Casa de Maryland* injunction or the 2018 General NTA PM, we need not address whether violation of a policy memorandum is enforceable under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

corroborated evidence that the BIA already considered. *Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011).

**PETITION DENIED.**[5]

---

[5] The Motion for a Stay of Removal, Dkt. 6, is DENIED. The temporary stay of removal shall remain in place until the mandate issues.